IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LINDA SCHRECKENBACH, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| CALLENDER BOWLIN PLLC, § | |
| § | |
| Defendant § | |

## ORIGINAL COMPLAINT

Plaintiff Linda Schreckenbach, ("Plaintiff"), by her attorney, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### I. SUMMARY

1. Callender Bowlin PLLC ("Callender Bowlin" or "Defendant") is a law firm organized and existing under the laws of the State of Texas, with its principal office located in Houston, Harris County, Texas. The firm maintains additional offices in Denver, Colorado, and Albuquerque, New Mexico.

2. Callender Bowlin, PLLC provides legal services in the areas of business litigation, healthcare advocacy and litigation, first-party insurance claims, and catastrophic personal injury. https://www.cbtrial.com (last visited 1/2/2026)

3. Although Plaintiff regularly worked more than 40 hours workweek, Defendant did not pay her overtime.

4. Defendant's policy of paying Plaintiff a salary with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

5. This Complaint seeks to recover the unpaid wages, liquidated damages, and other damages owed to Plaintiff, together with attorneys' fees, interest, and costs of these proceedings.

## II. JURISDICTION & VENUE

6. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conduct substantial business in this District, and Plaintiff performed work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## III. PARTIES

8. Plaintiff Linda Schreckenbach ("Schreckenbach" or "Plaintiff") was employed by Defendant as a salaried employee. Schreckenbach is domiciled in Texas and performed work out of Defendant's Houston Office as a Litigation Paralegal.

9. Defendant Callender Bowlin PLLC is a Texas domestic limited liability company doing business in the State of Texas.

10. Defendant may be served through its registered agent, Mark E. Callender, 4299 San Felipe, Suite 300 Houstin, Texas 77027, or wherever he may be found.

11. Defendant paid Plaintiff a monthly salary rate, with no overtime premium for hours worked in excess of forty (40) in a workweek.

12. Defendant's payroll practice and classification of Plaintiff as overtime exempt violated the FLSA.

## IV. FACTS

13. Callender Bowlin is a business that provides legal services in the areas of business litigation, healthcare advocacy and litigation, first-party insurance claims, and catastrophic

personal injury.

14. Callender Bowlin primarily conducts business within Texas, Colorado, and New Mexico.

15. Plaintiff routinely handled goods or materials that have moved in, or were produced for, interstate commerce.

16. In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000.00.

17. Linda Schreckenbach worked for Defendant as a Litigation Paralegal.

18. Plaintiff was employed by Calendar Bowling from approximately May 2023 through March 2025, when she was terminated without prior notice.

19. Defendant classified Plaintiff as a salaried employee under the title of "associate," though she is not a licensed attorney.

20. Plaintiff's primary work consisted of non-exempt tasks such as clerical, scheduling, and document management responsibilities.

21. Defendant paid Plaintiff a total annual compensation of less than $100,000.00.

22. As a law firm, Defendant and its law partners are aware of the DOL's opinion letters that describes when and why paralegals are non-exempted employees and must be paid overtime under the FLSA.

23. Throughout her employment, Plaintiff routinely worked in excess of forty (40) hours per week. Plaintiff frequently remained at the office alone while other employees worked remotely or irregular hours.

24. For example, each month between July 2024 – February 2025, Plaintiff's monthly pay stubs show that she was paid a "Salary Pay", for 173.33 hours, regardless of how many hours

Plaintiff actually worked, as shown in the two (2) pay stubs below.



25. When Plaintiff raised concerns regarding unpaid overtime, management told her she "shouldn't be working any overtime," despite the workload requiring her to do so.

26. Defendant maintained no accurate record of Plaintiff's hours worked. Plaintiff was often required to complete work assignments daily with deadlines that made overtime unavoidable.

27. Defendant failed to properly compensate Plaintiff for all overtime hours worked,

despite her non-exempt status and the company's knowledge of her workload.

28. Multiple other employees had left the company before Plaintiff's termination, and the company appeared to replace departing employees with family members, further increasing Plaintiff's workload.

29. Defendant knew Plaintiff worked more than forty (40) hours in a workweek. Defendant knew Plaintiff was not exempt from the overtime provisions of the FLSA.

30. Nonetheless, Defendant did not pay Plaintiff overtime for hours she worked in excess of forty (40) in a workweek.

31. Defendant misclassified Plaintiff as an exempted employee.

32. At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefited Defendant.

### V.     CAUSE OF ACTION

#### Violation of the FLSA

33. Plaintiff incorporates the proceeding paragraphs by reference.

34. At all relevant times, Defendant has been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

35. Defendant employed Plaintiff.

36. Defendant's pay policy denied Plaintiff overtime compensation as required by the FLSA.

37. Defendant's failure to pay Plaintiff overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

38. Defendant's conduct, as described herein, was in willful violation of the FLSA.

39. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## VI. RECORDKEEPING VIOLATION

40. Plaintiff incorporates the proceeding paragraphs by reference.

41. Upon information and belief, Defendant did not maintain, for a period of at least three years, timecards detailing the start and stop times of Plaintiff's hours worked, as prescribed by 29 C.F.R. § 516.6.

42. Defendant have therefore violated the recordkeeping requirement of the FLSA. 29 U.S.C. § 211.

## VII. PRAYER

**WHEREFORE**, Linda Schreckenbach prays for relief as follows:

1. Judgment against Defendant Callender Bowlin PLLC, awarding Plaintiff all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

2. Pre- and post-judgment interest at the highest rate allowable by law; and

3. All such other and further relief to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

/s/ *Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**