IN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA SCHRECKENBACH,** *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:26-cv-00022 |
| **CALLENDER BOWLIN PLLC,** *Defendants.* | § § § | |

### DEFENDANT CALLENDER BOWLIN, PLLC'S ORIGINAL ANSWER

**Defendant Callender Bowlin, PLLC** files this Original Answer to Plaintiff's Original Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each allegation contained in Plaintiff's Original Complaint except for those expressly admitted herein.

#### I.    SUMMARY

1. Defendant admits the allegations contained within Paragraph 1.

2. Defendant admits the allegations contained within Paragraph 2.

3. Defendant denies that Plaintiff regularly worked more than 40 hours per week, and therefore denies Plaintiff was entitled to overtime pay.

4. Defendant denies the allegations made in Paragraph 4.

5. Defendant denies that Plaintiff is entitled to recover any damages from Defendant.

#### II.    JURISDICTION & VENUE

6. Defendant admits the allegations contained within Paragraph 6.

7. Defendant denies the allegation that it engaged in improper and illegal payroll practices. Defendant otherwise admits the allegations contained within Paragraph 7.

### III.     PARTIES

8. Upon information and belief, Defendant admits the allegations contained within Paragraph

9. Defendant admits the allegations contained within paragraph 9.

10. Defendant admits the allegations contained within paragraph 10.

11. Defendant denies that Plaintiff worked over 40 hours per week. Defendant admits that Plaintiff was paid a monthly salary rate.

12. Defendant denies the allegations contained within paragraph 12.

### IV.     FACTS

13. Defendant admits the allegations contained within Paragraph 13.

14. Defendant admits the allegations contained within Paragraph 14.

15. Defendant denies the allegations contained within Paragraph 15.

16. Defendant admits the allegations contained within Paragraph 16.

17. Defendant admits the allegations contained within Paragraph 17.

18. Defendant denies that Plaintiff was terminated without prior notice. Defendant otherwise admits the allegations contained within Paragraph 18.

19. Defendant admits that Plaintiff is not a licensed attorney. Defendant denies that Plaintiff was classified as an associate.

20. Defendant denies that Plaintiff's primary work consisted of non-exempt tasks. Defendant otherwise admits the allegations contained within Paragraph 20.

21. Defendant admits the allegations contained within Paragraph 21.

22. Defendant lacks sufficient information to discern the specific opinion letters Plaintiff is describing, and therefore, Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 22.

23. Upon information and belief, Defendant admits that Plaintiff was frequently alone at the office. Defendant otherwise denies the allegations contained within Paragraph 23.

24. Defendant admits that Plaintiff was paid a monthly salary for 173.33 hours per month. Defendant otherwise denies the allegations contained within Paragraph 24.

25. Defendant denies the allegations contained within Paragraph 25.

26. Defendant objects to this allegation as multifarious, compound, and the allegation contained within Paragraph 26.

27. Defendant denies the allegations contained within Paragraph 27.

28. Defendant denies the allegations contained within Paragraph 28.

29. Defendant denies the allegations contained within Paragraph 29.

30. Defendant denies the allegations contained within Paragraph 30.

31. Defendant denies the allegations contained within Paragraph 31.

32. Defendant denies the allegations contained within Paragraph 32.

## V.   CAUSE OF ACTION
### Violation of the FLSA

33. Defendant reasserts its answers to the foregoing paragraphs.

34. Defendant denies the allegations contained within Paragraph 34.

35. Defendant admits the allegations contained within Paragraph 35.

36. Defendant denies the allegations contained within Paragraph 36.

37. Defendant objects to this allegation as it requires a conclusion of law, and therefore, Defendant denies the allegations contained within Paragraph 37.

38. Defendant denies the allegations contained within Paragraph 38.

39. Defendant denies the allegations contained within Paragraph 39.

## VI.   Recordkeeping Violation

40. Defendant reasserts its answers to the foregoing paragraphs.

41. Defendant denies that 29 C.F.R. § 516.6 requires three years of record keeping.

42. Defendant denies the allegations contained within Paragraph 42.

## VII.   PRAYER

1. Defendant denies that Plaintiff is entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under FLSA.

2. Defendant denies that Plaintiff is entitled to pre- and post-judgment interest.

3. Defendant denies that Plaintiff is entitled to other and further relief.

## AFFIRMATIVE DEFENSES

Defendant preserves its right to plead in the alternative, and reasserts the following affirmative defenses:

1. Plaintiff's claims are barred because Defendant has paid all wages and compensation owed to Plaintiff in compliance with the FLSA and applicable Texas law.

2. Plaintiff's claims are barred because any alleged unpaid overtime work constitutes de minimis time that is administratively difficult to record and falls below the threshold requiring compensation under the Fair Labor Standards Act;

3. Plaintiff's claims are barred due to waiver and consent;

4. Plaintiff's claims are barred by equitable estoppel;

5. Plaintiff failed to mitigate her alleged damages by not taking reasonable steps to minimize losses;

6. Defendant acted in good faith and with reasonable grounds to believe its conduct complied with the FLSA, precluding a finding of willfulness and limiting liability for liquidated damages;

7. Plaintiff's own acts or omissions caused or contributed to Plaintiff's damages, if any;

8. The damages allegedly suffered by Plaintiff were the primary or superseding fault of a party or parties, other than Defendant.

Defendant gives notice that it intends to rely upon such other defenses, denials, or cross and/or counterclaims as they may become available or known through discovery, investigation, or otherwise, and reserve the right to amend its Answer to assert such matters.

## PRAYER

Defendant, Callender Bowlin, PLLC prays that judgment be entered in favor of Defendant, that Plaintiff take nothing from this Defendant, and that Defendant may be dismissed with its costs and any other relief to which Defendant is justly entitled.

Respectfully submitted,

**CALLENDER BOWLIN, PLLC.**

/s/*Josh N. Bowlin*
Josh N. Bowlin
Texas State Bar No. 24036253
Josh@CBTrial.com
Mark E. Callender
Texas State Bar No. 24034356
Mark@CBtrial.com
Alexandra Van Deman
Texas State Bar No. 24098536
Alie@CBtrial.com
4299 San Felipe, Suite 300
Houston, Texas 77027
Telephone: (713) 300-8700

**ATTORNEYS FOR DEFENDANT
CALLENDER BOWLIN, PLLC**

## CERTIFICATE OF SERVICE

 I hereby certify that the foregoing pleading has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on January 28, 2026.

 Trang Q. Tran
 800 Town & Country Blvd., Ste. 500
 Houston, Texas 77024
 trang@tranlf.com
 service@tranlf.com

              /s/*Josh N. Bowlin*
              Josh N. Bowlin