## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA SCHRECKENBACH** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:26-cv-00022** |
| **CALLENDER BOWLIN PLLC** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT
## CALLENDER BOWLIN PLLC'S AFFIRMATIVE DEFENSES

Plaintiff Linda Schreckenbach ("Plaintiff"), by and through her undersigned counsel, moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Defendant Callender Bowlin PLLC's ("CB" or "Defendant") affirmative defenses.  In support, Plaintiff shows the following:

### I.    SUMMARY

On January 2, 2026, Plaintiff filed an Original Complaint against Defendant CB. [Doc. 1] Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime premium for all hours worked in excess of forty (40) in a workweek.  On January 28, 2026, Defendant CB filed its Original Answer, asserting numerous affirmative defenses. [Doc. 8] Accordingly, Plaintiff moves under Rule 12(f) to strike Defendant's Second, Third, Fourth, Fifth, Sixth,

Seventh, and Eighth Affirmative Defenses.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "insufficient defense." Although motions to strike are generally disfavored, they are appropriate where an affirmative defense is legally insufficient as a matter of law, fails to provide fair notice under Rule 8, or would unnecessarily expand the scope of litigation. See *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir. 1982).

Affirmative defenses are subject to the pleading requirements of Rule 8. They must contain enough factual matter to give the opposing party fair notice of the nature of the defense and the grounds upon which it rests. Conclusory allegations, bare legal labels, and formulaic recitations of elements are insufficient. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In addition to factual sufficiency, an affirmative defense must be legally cognizable. Rule 8(c) identifies recognized affirmative defenses, but a defense not grounded in applicable law, or one that cannot succeed under any set of facts consistent with the pleadings, is insufficient as a matter of law and subject to being stricken. *Kaiser Aluminum,* 677 F.2d at 1057.

Striking legally inapplicable or conclusory defenses promotes clarity in the pleadings, narrows the issues for discovery, and prevents unnecessary litigation of

defenses that cannot defeat liability as a matter of law.

## III.    ARGUMENTS

### A. Defendant's Second Affirmative Defense

> *"2. Plaintiff's claims are barred because any alleged unpaid overtime work constitutes de minimis time that is administratively difficult to record and falls below the threshold requiring compensation under the Fair Labor Standards Act;"*

Defendant's Second Affirmative Defense asserts that Plaintiff's alleged unpaid overtime constitutes "*de minimis* time that is administratively difficult to record and falls below the threshold requiring compensation under the Fair Labor Standards Act." This defense should be stricken for two independent reasons.

First, Defendant fails to plead any facts supporting application of the *de minimis* doctrine. An affirmative defense must contain sufficient factual matter to provide fair notice of the grounds upon which it rests. Merely reciting that certain work was "administratively difficult to record" is a conclusory label. Defendant does not identify the nature of the alleged uncompensated activity, the estimated duration of the work, how frequently it occurred, or why it would have been impractical to record. Without such factual allegations, Plaintiff is left to speculate as to the basis of the defense. This fails to satisfy Rule 8's pleading requirements. Application of the *de minimis* doctrine requires consideration of (1) the practical administrative difficulty of recording the time, (2) the aggregate amount of compensable time, and (3) the regularity of the work. Defendant alleges none of these facts. It does not

3

identify the amount of time at issue, the frequency of the alleged work, or why recording such time was impracticable. Without such allegations, the defense is purely speculative and insufficient as a matter of law.

Second, the *de minimis* doctrine is narrowly construed. The Supreme Court has recognized that employers may disregard only "insubstantial or insignificant periods of time beyond the scheduled working hours," such as "a few seconds or minutes of work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946). It does not apply to regularly occurring or substantial overtime work. Where an employer fails to pay overtime for work that occurs consistently or over extended periods, the doctrine is inapplicable as a matter of law. The Fifth Circuit has similarly emphasized that application of the *de minimis* doctrine requires consideration of the amount of time involved, the aggregate amount of compensable time, and the regularity of the additional work. See *Von Friewalde v. Boeing Aero. Operations, Inc.,* 339 F. App'x 448, 458 (5th Cir. 2009).

Defendant's conclusory use of the de minimis doctrine, without factual allegations supporting administrative impracticability or trivial duration, renders the Second Affirmative Defense insufficient as a matter of law.

**B. Defendant's Third Affirmative Defense**

   *"3. Plaintiff's claims are barred due to waiver and consent;"*

Defendant asserts that Plaintiff's claims are barred due to "waiver and

consent." This defense is legally invalid under controlling Fifth Circuit and Supreme Court precedent.

It is well settled that an employee may not waive the right to overtime compensation under the FLSA, even through a private agreement between the parties. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895 (1945); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). The FLSA establishes mandatory minimum wage, and overtime guarantees that cannot be abridged by contract. The Fifth Circuit has reaffirmed that the FLSA "forbids waiver of the right to statutory wages or to liquidated damages." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). In *Maldonado v. Excell Electrical Contractors, Inc.*, the Northern District of Texas recently reaffirmed that any agreement attempting to substitute alternative benefits for overtime compensation is unenforceable as a matter of law. *Maldonado v. Excell Elec. Contractors, Inc.*, Civil Action No. 3:24-CV-2307-X, 2026 LX 50206 (N.D. Tex. Jan. 15, 2026). The court held that an employee's right to overtime pay remains intact "even assuming such an agreement existed," because FLSA overtime rights are nonwaivable.

Here, Defendant is a law firm engaged in the practice of law. The nonwaivable nature of FLSA overtime protections is neither novel nor unsettled. Even assuming Defendant contends that Plaintiff agreed to a salary arrangement without overtime,

5

such consent would not bar a statutory overtime claim. As the Fifth Circuit explained, absent a bona fide FLSA dispute specifically negotiated, the general prohibition against waiver applies. *Bodle*, 788 F.3d at 164–66. Because waiver and consent are not legally cognizable defenses to an unpaid overtime claim absent a court-approved or Department of Labor-supervised settlement, Defendant's Third Affirmative Defense is insufficient as a matter of law and should be stricken.

Because FLSA overtime rights are nonwaivable absent a court-approved or DOL-supervised settlement, this defense cannot defeat liability as a matter of law. Permitting it to remain would improperly expand discovery into irrelevant contractual consent issues that have no legal effect under the Act.

## C. Defendant's Fourth Affirmative Defense

*"4. Plaintiff's claims are barred by equitable estoppel;"*

Defendant's Fourth Affirmative Defense asserts, in a single sentence, that "Plaintiff's claims are barred by equitable estoppel." This defense is legally insufficient because Defendant fails to plead any facts supporting its application.

To establish equitable estoppel under federal law, a party must show: (1) a misrepresentation of material fact; (2) reasonable reliance on that misrepresentation; and (3) detriment resulting from the reliance. Se*e Heckler v. Community Health Servs.*, 467 U.S. 51, 59 (1984); *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997). Defendant alleges no facts identifying any misrepresentation by Plaintiff, any

6

reliance by Defendant, or any resulting detriment. Defendant does not allege that Plaintiff falsified time records, misrepresented hours worked, or concealed overtime work; the types of circumstances under which estoppel has been considered in FLSA cases. Instead, Defendant merely invokes the phrase "equitable estoppel" without factual support. Such a conclusory assertion fails to satisfy Rule 8's pleading requirements. Courts within this district routinely strike similarly pleaded estoppel defenses where no supporting facts are alleged. See *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *3 (N.D. Tex. Jan. 21, 2011) (striking conclusory estoppel defense for lack of factual support); *Mehler Texnologies, Inc. v. Monolithic Constructors, Inc.*, 2010 WL 850614, at *3 (N.D. Tex. Mar. 11, 2010) (same); *TracFone Wireless, Inc. v. King Trading, Inc.*, 2008 WL 4826035, at *1–2 (N.D. Tex. Nov. 6, 2008) (striking "bald assertions" of equitable defenses).

Defendant's invocation of equitable estoppel is not merely conclusory; it is legally incompatible with the nature of an FLSA overtime claim as pled in this case.

The FLSA imposes a statutory, non-delegable duty on employers to ensure that overtime compensation is paid when work is performed. Liability turns on whether the employer knew or should have known that compensable work occurred. An employer cannot avoid that statutory obligation by shifting responsibility to the employee through generalized equitable principles.

Defendant does not allege facts that, if true, would negate its statutory duty to

maintain accurate records and ensure proper payment of overtime. Nor does it allege facts that would relieve it of liability under any recognized FLSA doctrine. Instead, Defendant merely invokes the label "equitable estoppel" without identifying a legally cognizable theory under which the defense could succeed.

Because Defendant pleads no facts that would render equitable estoppel applicable to an unpaid overtime claim under the FLSA, the Fourth Affirmative Defense is insufficient as a matter of law and should be stricken.

## D. Defendant's Fifth Affirmative Defense

*"5. Plaintiff failed to mitigate her alleged damages by not taking reasonable steps to minimize losses;"*

This defense is legally insufficient in an action for unpaid overtime under the Fair Labor Standards Act.

The FLSA imposes a mandatory obligation on employers to pay overtime compensation for hours worked in excess of forty in a workweek. The statute contains no requirement that an underpaid employee mitigate unpaid wages already earned. Courts routinely recognize that mitigation principles applicable in employment discrimination cases do not apply to FLSA overtime claims because unpaid overtime constitutes statutory wages due, not speculative future losses. See *Tran v. Thai*, No. H-08-3650, 2010 U.S. Dist. LEXIS 133130 (S.D. Tex. Dec. 16, 2010). The Defendant's failure to mitigate defense is not a valid legal defense and cannot succeed under any circumstances.

Moreover, Defendant pleads no facts identifying what actions Plaintiff allegedly failed to take or how such actions could have reduced unpaid statutory wages. This conclusory allegation fails to provide fair notice under Rule 8. Allowing this legally inapplicable and factually unsupported defense to remain would unnecessarily expand discovery into irrelevant mitigation issues and complicate the litigation of a straightforward overtime claim.

Accordingly, Defendant's Fifth Affirmative Defense should be stricken.

### E. Defendant's Sixth Affirmative Defense

*"6. Defendant acted in good faith and with reasonable grounds to believe its conduct complied with the FLSA, precluding a finding of willfulness and limiting liability for liquidated damages;"*

Defendant's Sixth Affirmative Defense asserts that it "acted in good faith and with reasonable grounds to believe its conduct complied with the FLSA, precluding a finding of willfulness and limiting liability for liquidated damages." This defense merely parrots the statutory language of 29 U.S.C. § 260 and fails to allege any supporting facts.

Under the FLSA, an employer may avoid liquidated damages only by demonstrating both subjective good faith and objectively reasonable grounds for believing its conduct complied with the Act. 29 U.S.C. § 260; *Singer v. City of Waco, Texas*, 324 F.3d 813, 823 (5th Cir. 2003). Good faith requires more than ignorance of the law; it requires that the employer take affirmative steps to ascertain and

9

comply with the FLSA's requirements. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979)

Here, Defendant alleges no facts identifying any investigation into the FLSA's requirements, no reliance on Department of Labor guidance, no consultation with counsel, and no explanation of how it interpreted the statute. Instead, Defendant merely echoes the statutory standard. Such "[t]hreadbare recitals of the elements" of a defense do not suffice. *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). Courts have stricken similarly conclusory good faith defenses where no factual basis is alleged. *Tran v. Thai*, No. H-08-3650, 2010 U.S. Dist. LEXIS 133130 (S.D. Tex. Dec. 16, 2010). Moreover, Defendant is a law firm engaged in the practice of law. A bare assertion that it believed its conduct complied with a federal wage statute, without identifying any compliance efforts or legal analysis undertaken, is insufficient to provide fair notice of the grounds for the defense.

Because Defendant pleads no facts supporting either subjective good faith or objective reasonableness, the Sixth Affirmative Defense is conclusory and should be stricken.

### F. Defendant's Seventh Affirmative Defense

> *"7. Plaintiff's own acts or omissions caused or contributed to Plaintiff's damages, if any;"*

Defendant's Seventh Affirmative Defense asserts that Plaintiff's own "acts or omissions" caused or contributed to her damages. This defense is legally incompatible with an FLSA overtime claim.

The FLSA imposes a statutory, non-delegable duty on employers to pay overtime compensation for all hours worked in excess of forty in a workweek and to maintain accurate records of hours worked. Liability does not turn on fault allocation between employer and employee. Rather, the inquiry is whether the employer complied with its wage-payment obligations under 29 U.S.C. § 207.

Defendant identifies no legally recognized doctrine under the FLSA that permits reduction or avoidance of unpaid overtime liability based on an employee's alleged "acts or omissions." The statute does not recognize comparative fault, contributory negligence, or similar fault-shifting theories in wage-payment cases.

Moreover, Defendant pleads no facts identifying what specific act or omission supposedly caused unpaid wages. A bare assertion that Plaintiff somehow "contributed" to her damages is a conclusory label that fails to provide fair notice under Rule 8.

Because this defense is unsupported by factual allegations and rests on a theory incompatible with the FLSA's statutory framework, the Seventh Affirmative Defense should be stricken.

### G. Defendant's Eighth Affirmative Defense

*"8. The damages allegedly suffered by Plaintiff were the primary or superseding fault of a party or parties, other than Defendant."*

Defendant's Eighth Affirmative Defense asserts that "the damages allegedly suffered by Plaintiff were the primary or superseding fault of a party or parties, other than Defendant." This defense is not legally cognizable under the Fair Labor Standards Act.

The FLSA imposes a statutory, non-delegable duty on employers to pay required minimum and overtime wages. 29 U.S.C. §§ 206–207. Liability under the Act turns on whether the employer complied with its wage-payment obligations, not on fault allocation among actors. The statute does not recognize comparative fault, superseding cause, or third-party causation as defenses to unpaid wage claims.

Courts within the Fifth Circuit have consistently rejected attempts to inject third-party payment or causation theories into FLSA litigation because such arguments are incompatible with the statute's remedial purpose. See *Hiser v. NZone Guidance, LLC,* 2019 U.S. Dist. LEXIS 83225 (W.D. Tex. Apr. 23, 2019); see also *Martin v. PepsiAmericas, Inc*., 628 F.3d 738, 740–42 (5th Cir. 2010). An employer cannot avoid liability by shifting responsibility to unidentified third parties. The obligation to ensure compliance with the FLSA rests squarely with the employer.

Here, Defendant identifies no third party, alleges no facts explaining how any such party supposedly caused nonpayment, and cites no authority permitting avoidance of FLSA liability on that basis. The defense is therefore both conclusory

and legally incompatible with the statutory framework governing overtime claims. Because the FLSA does not recognize fault-shifting doctrines as a defense to unpaid wages, and because Defendant pleads no supporting facts, the Eighth Affirmative Defense is insufficient as a matter of law and should be stricken.

Accordingly, Defendant's Eighth Affirmative Defense should be stricken.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. Strike Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses as legally insufficient;

2. Alternatively, require Defendant to replead any stricken defenses with sufficient factual specificity;

3. Award Plaintiff such other and further relief to which she may be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*

TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on February 18, 2026, to all counsel of record via the Court's CM/ECF system.

/s/ *Trang Q. Tran*

Trang Q. Tran

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for Plaintiff conferred with counsel for Defendant on February 4, 2026 regarding the relief requested in this Motion. As of the time of filing, Defendant has not agreed to the relief requested.

/s/ *Trang Q. Tran*
Trang Q. Tran