IN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA SCHRECKENBACH,<br>*Plaintiff,*<br><br>v.<br><br>CALLENDER BOWLIN PLLC,<br>*Defendants.* | § § § § § § § § | CIVIL ACTION NO. 4:26-cv-00022 |

## DEFENDANT CALLENDER BOWLIN, PLLC'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

**Defendant Callender Bowlin, PLLC** files this First Amended Answer and Counterclaims to Plaintiff's Original Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each allegation contained in Plaintiff's Original Complaint except for those expressly admitted herein.

### I. SUMMARY

1. Defendant admits the allegations contained within Paragraph 1.

2. Defendant admits the allegations contained within Paragraph 2.

3. Defendant denies that Plaintiff regularly worked more than 40 hours per week, and therefore denies Plaintiff was entitled to overtime pay.

4. Defendant denies the allegations made in Paragraph 4.

5. Defendant denies that Plaintiff is entitled to recover any damages from Defendant.

### II. JURISDICTION & VENUE

6. Defendant admits the allegations contained within Paragraph 6.

7.  Defendant denies the allegation that it engaged in improper and illegal payroll practices. Defendant otherwise admits the allegations contained within Paragraph 7.

### III.   PARTIES

8.  Upon information and belief, Defendant admits the allegations contained within Paragraph

9.  Defendant admits the allegations contained within paragraph 9.

10. Defendant admits the allegations contained within paragraph 10.

11. Defendant denies that Plaintiff worked over 40 hours per week. Defendant admits that Plaintiff was paid a monthly salary rate.

12. Defendant denies the allegations contained within paragraph 12.

### IV.   FACTS

13. Defendant admits the allegations contained within Paragraph 13.

14. Defendant admits the allegations contained within Paragraph 14.

15. Defendant denies the allegations contained within Paragraph 15.

16. Defendant admits the allegations contained within Paragraph 16.

17. Defendant admits the allegations contained within Paragraph 17.

18. Defendant denies that Plaintiff was terminated without prior notice. Defendant otherwise admits the allegations contained within Paragraph 18.

19. Defendant admits that Plaintiff is not a licensed attorney. Defendant denies that Plaintiff was classified as an associate.

20. Defendant denies that Plaintiff's primary work consisted of non-exempt tasks. Defendant otherwise admits the allegations contained within Paragraph 20.

21. Defendant admits the allegations contained within Paragraph 21.

22. Defendant lacks sufficient information to discern the specific opinion letters Plaintiff is describing, and therefore, Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 22.

23. Upon information and belief, Defendant admits that Plaintiff was frequently alone at the office. Defendant otherwise denies the allegations contained within Paragraph 23.

24. Defendant admits that Plaintiff was paid a monthly salary for 173.33 hours per month. Defendant otherwise denies the allegations contained within Paragraph 24.

25. Defendant denies the allegations contained within Paragraph 25.

26. Defendant objects to this allegation as multifarious, compound, and the allegation contained within Paragraph 26.

27. Defendant denies the allegations contained within Paragraph 27.

28. Defendant denies the allegations contained within Paragraph 28.

29. Defendant denies the allegations contained within Paragraph 29.

30. Defendant denies the allegations contained within Paragraph 30.

31. Defendant denies the allegations contained within Paragraph 31.

32. Defendant denies the allegations contained within Paragraph 32.

### V. CAUSE OF ACTION
### Violation of the FLSA

33. Defendant reasserts its answers to the foregoing paragraphs.

34. Defendant denies the allegations contained within Paragraph 34.

35. Defendant admits the allegations contained within Paragraph 35.

36. Defendant denies the allegations contained within Paragraph 36.

37. Defendant objects to this allegation as it requires a conclusion of law, and therefore, Defendant denies the allegations contained within Paragraph 37.

38. Defendant denies the allegations contained within Paragraph 38.

39. Defendant denies the allegations contained within Paragraph 39.

### VI.     Recordkeeping Violation

40. Defendant reasserts its answers to the foregoing paragraphs.

41. Defendant denies that 29 C.F.R. § 516.6 requires three years of record keeping.

42. Defendant denies the allegations contained within Paragraph 42.

### VII.     PRAYER

43. Defendant denies that Plaintiff is entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under FLSA.

44. Defendant denies that Plaintiff is entitled to pre- and post-judgment interest.

45. Defendant denies that Plaintiff is entitled to other and further relief.

### AFFIRMATIVE DEFENSES

Defendant preserves its right to plead in the alternative, and reasserts the following affirmative defenses:

46. Plaintiff has failed to state a claim upon which affirmative relief can be granted and has failed to specify a claim for which relief can be granted.

47. Plaintiff's claims are barred because Defendant has paid all wages and compensation owed to Plaintiff in compliance with the FLSA and applicable Texas law. Plaintiff did not work overtime hours such that overtime compensation was required. As such, Plaintiff is not entitled to overtime compensation, and Defendant has properly paid Plaintiff all amounts she is entitled to.

Defendant gives notice that it intends to rely upon such other defenses, denials, or cross and/or counterclaims as they may become available or known through discovery, investigation, or otherwise, and reserve the right to amend its Answer to assert such matters.

## DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF

### Facts

48.     Throughout the time of her employment, Plaintiff routinely posted on social media platforms such as Instagram and TikTok. Many of her posts contained misrepresentations about her employment. For example, Plaintiff posted on TikTok that she was working hard preparing for trial when there were no cases going to trial.

49.     Likewise, Plaintiff exhibited many other strange behaviors. For example, Plaintiff refused to hold traditional working hours. Instead, she notoriously did not arrive to the office until 10:00 or 11:00 am even though all other employees arrived by 9:00 am. Furthermore, she spent *hours* each day in Defendant's breakroom cooking everything from flank stank on a George Foreman grill to smoothies in a full-sized blender. Notably, Plaintiff had her Costco grocery orders delivered to Defendant's office rather than her personal home. There were also multiple times when Plaintiff brought her dog(s) into the office—without asking permission—which caused a disruption for several of the other employees.

50.     Plaintiff took full advantage of Defendant's flexible work environment in other ways, as well. For example, she worked remotely following the 2024 Houston derecho so that she could take care of her dogs while she was without power. During this time, she even utilized Defendant's ice machine to transport ice to her home for her dogs. She worked remotely from South Carolina when she was stuck there after Hurricane Helene struck the South Carolina coast. She was also

frequently out of the office or late to arrive due to her pets' illnesses, her brother's surgical procedures[1], and other personal reasons—at no consequence to Plaintiff[2].

51.    In addition, Plaintiff created division in the firm. She was not on speaking terms with the other paralegals. She refused to participate in firm-wide, team building activities. She attempted to usurp other paralegal's dockets. Without authority, she promoted herself to Senior Litigation Paralegal and began including that title on her email signature block[3]. Not once did Plaintiff ever raise concern regarding overtime pay; instead, the main irritation that she expressed was her dissatisfied impression that other employees took more vacation than her. She also treated other office staff disrespectfully in an attempt to gain power.



[1]



[2]





[3]

52. Nearly the entirety of Plaintiff's scope of work focused upon a multi-district litigation known as "Bair Hugger." Part of Plaintiff's job duties included the preparation of Complaints and Plaintiff Fact Sheets (both non-administrative, exempt tasks) associated with the "Bair Hugger" cases. To that end, Plaintiff was the primary source of communication between the firm and the plaintiffs.

53. Ultimately, Plaintiff was terminated for cause due to the foregoing, as well as her failure to complete professional tasks—likely because she was not working her contracted hours. Immediately following her termination, Plaintiff retaliated against Defendant by posting on TikTok that two men ganged up on her. In addition, the post contained the vile statement that "I wish I could have throat punched them but realized I didn't have bail money."

54. Prior to Plaintiff's replacement's start date, Defendant undertook the task of cleaning out Plaintiff's former office space. In doing so, it was discovered that Plaintiff was hoarding groceries and other personal items in a hidden area behind her desk. To date, Defendant is still storing a number of Plaintiff's personal items despite numerous, reasonable attempts to return the items to Plaintiff.

55. Despite the passage of nearly a year, Defendant is still uncovering the depths of Plaintiff's bizarre and nefarious behavior during her employment with Defendant. Recently, Defendants deduced that Plaintiff unilaterally, and completely unbeknownst to Defendant, decided to forge plaintiff signatures on documents that were served to all counsel in the "Bair Hugger" cases.

### Defamation

56. Defendant repeats and realleges each and every allegation of this Amended Answer and Counterclaims as if set forth fully in this cause of action.

57. Plaintiff's TikTok video was a published statement of fact regarding the manner in which she was terminated. The statement was defamatory and false. In making the statement on TikTok, Plaintiff acted with actual malice, intending to cause Defendant harm and damage its reputation. Plaintiff's TikTok statement proximately caused Defendant and its law partners irreparable damage, which include but are not limited to: general damages, reputational damages, mental anguish damages, nominal damages, and exemplary damages.

### Business Disparagement

58. Defendant repeats and realleges each and every allegation of this Amended Answer and Counterclaims as if set forth fully in this cause of action.

59. Plaintiff's TikTok video published disparaging words about Defendant and its law partners. The words "2 men ganging up on me" was false, and Plaintiff published those words with actual malice and the intent to damage Defendant's reputation. Plaintiff's statement on TikTok proximately caused Defendant and its law partners irreparable damage.

### Fraud by Nondisclosure

60. Defendant repeats and realleges each and every allegation of this Amended Answer and Counterclaims as if set forth fully in this cause of action.

61. Plaintiff owed Defendant a duty to act properly within the scope of her employment. Defendant trusted Plaintiff to conduct herself in the same or similar manner as other paralegals in the firm. Plaintiff had a duty to disclose that she signed legal documents for Defendant's clients without authority but she failed to do so. This information was material to Defendant's business, and Plaintiff intentionally concealed the information to avoid her own consequences. Even following her termination, Plaintiff did not disclose the information to Defendant. Defendant relied

upon Plaintiff, within the course and scope of her employment as a paralegal, to provide up to date information, and Plaintiff's failure to disclose resulted in damages to Defendant.

## Conversion

62. Defendant repeats and realleges each and every allegation of this Amended Answer and Counterclaims as if set forth fully in this cause of action.

63. Following Plaintiff's termination, Plaintiff was required to return any and all equipment owned by the firm. Upon an examination of the computers that Defendant provided to Plaintiff for use within the course and scope of her employment, it was discovered that Plaintiff completely cleared the computers; Plaintiff deleted and destroyed all documents electronically stored on Defendant's computers. The documents Plaintiff deleted were the exclusive property of Defendant's and destroyed by Plaintiff. Plaintiff's conversion of Defendant's property resulted in damages to Defendant.

## PRAYER

Defendant, Callender Bowlin, PLLC prays that judgment be entered in favor of Defendant, that Plaintiff take nothing from this Defendant and that Plaintiff's claims against Defendant be dismissed with prejudice. Defendant further prays for the following relief: (1) judgment against Plaintiff, Linda Schreckenbach, for Defamation, Business Disparagement, Fraud by Nondisclosure, and Conversion; (2) an award for all damages proximately caused by Plaintiff, including but not limited to actual damages, nominal damages, general damages, and exemplary damages; (3) any and all pre- and post-judgment interest; (4) any further relief to which Defendant may show itself entitled.

Respectfully submitted,

**CALLENDER BOWLIN, PLLC.**

/s/*Josh N. Bowlin*
Josh N. Bowlin
Texas State Bar No. 24036253
Josh@CBTrial.com
Mark E. Callender
Texas State Bar No. 24034356
Mark@CBtrial.com
Alexandra Van Deman
Texas State Bar No. 24098536
Alie@CBtrial.com
4299 San Felipe, Suite 300
Houston, Texas 77027
Telephone: (713) 300-8700

**ATTORNEYS FOR DEFENDANT
CALLENDER BOWLIN, PLLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 10, 2026.

Trang Q. Tran
800 Town & Country Blvd., Ste. 500
Houston, Texas 77024
trang@tranlf.com
service@tranlf.com

/s/*Josh N. Bowlin*
Josh N. Bowlin